UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CITY OF SOUTH BEND, INDIANA and SOUTH BEND REDEVELOPMENT COMMISSION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:16-cv-00440 |
| vs. | ) ) | |
| SPIN TECHS INCORPORATED, MICHAEL MYERS, DONNA MYERS, YOUNG O. WON, JONG HEE WON, CHAN HEE WON, SHERMAN'S QUALITY CLEANERS, INC., and SPS REALTY CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

Plaintiffs the City of South Bend, Indiana and the South Bend Redevelopment Commission (collectively "South Bend") bring this complaint for damages against defendants Spin Techs Incorporated, Michael Myers, Donna Myers, Young O. Won, Jong Hee Won, Chan Hee Won, Sherman's Quality Cleaners, Inc., and SPS Realty Corporation. South Bend has identified environmental contamination, including the presence of perchloroethylene, which originated from the dry cleaner located at 702 W. Indiana Avenue in the city of South Bend during its operations between 1958 and the present. South Bend seeks damages associated with the environmental investigation and cleanup of those hazardous substances that have been detected on or beneath properties in the vicinity of and/or hydrologically downgradient from 702 W. Indiana Avenue.

1

## I.     JURISDICTION AND VENUE

1. South Bend brings this action pursuant to Section 107(a) of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9607(a) ("CERCLA"), for past costs incurred and future costs to be incurred by South Bend in responding to releases of hazardous substances ("CERCLA Claim"). This action further requests declaratory judgment against the defendants under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. The CERCLA Claim and request for declaratory judgment pose federal questions; therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. 42 U.S.C. § 9613(b) also provides the United States district courts with exclusive jurisdiction over all controversies arising under CERCLA, except in certain limited circumstances not present here.

2. South Bend also brings this action pursuant to Section 2 of Indiana's Environmental Legal Action Statute, Ind. Code § 13-30-9-2 ("ELA"), for past costs incurred and future costs to be incurred by South Bend in responding to the release of hazardous substances ("ELA Claim"). The ELA Claim is related to the CERCLA Claim so that it forms part of the same case or controversy; therefore, this Court has supplemental jurisdiction over the ELA Claim pursuant to 42 U.S.C. § 1367(a).

3. Venue is proper in this judicial district under 42 U.S.C. § 9613(b) and 28 U.S.C. §1391 because the site at issue is located in this Court's district and division and the releases or threatened releases of hazardous substances that give rise to the claims in this action occurred in this Court's district and division.

## II.     PARTIES

4. Spin Techs Incorporated ("Spin Techs") is an Indiana corporation with its principal place of business in South Bend, Indiana.

5. Michael and Donna Myers, husband and wife, are residents of South Bend, Indiana.

6. Young O. Won is a resident of Granger, Indiana.

7. Jong Hee Won is a resident of Granger, Indiana.

8. Chan Hee Won is a resident of Granger, Indiana.

9. Sherman's Quality Cleaners, Inc. ("Sherman's Cleaners") is an Indiana corporation, with its principal place of business in South Bend, Indiana.

10. SPS Realty Corporation ("SPS") is an Indiana corporation, with its principal place of business in South Bend, Indiana.

### III.   FACTUAL BACKGROUND

#### A.   Sherman's Cleaners

11. The property located at 702 W. Indiana Ave. (the "Sherman Site") was purchased by Philip Sherman in June, 1956.

12. The Sherman Site was transferred from Philip Sherman to SPS in August, 1956.

13. Philip Sherman, along with his brother Hyman Sherman, his sister Rose Purey, and his brother-in-law Jack Purey, started a dry cleaning business at the Sherman Site in or around 1958.

14. The Shermans and the Pureys operated the dry cleaning business as Sherman's Quality Cleaners, Inc., sometimes referred to simply as Sherman's Cleaners, from 1958 to 1984. During that time, SPS continued to own the Sherman Site.

15. Philip Sherman, Hyman Sherman, Rose Purey, and Jack Purey are now deceased.

### B.     Wons' Ownership

16.    In 1984, the Sherman Site was transferred from SPS to Young O. Won, Jong Hee Won, and Chan Hee Won (the "Wons").

17.    The Wons continued to operate a dry cleaning business at the Sherman Site until approximately 2005.

18.    During the Wons' ownership, the dry cleaning business at the Sherman Site continued to bear the name "Sherman's Cleaners" and/or "Sherman's Quality Cleaners."

### C.     Spin Techs

19.    In 2005, the Sherman Site was purchased by the Myers, who are husband and wife.

20.    The Myers continue to operate a laundry-related business at the Sherman Site under the name Spin Techs Incorporated.

### D.     South Bend's Remediation Efforts At and Around the Sherman Site

21.    The Sherman Site is in the vicinity of and/or hydrologically upgradient from several parcels of land South Bend has purchased over the years as part of its effort to revitalize the core of its city and return the properties to productive use (the "South Bend Properties").

22.    As part of those efforts, South Bend analyzed the environmental releases on and around the South Bend Properties and discovered significant environmental releases impacting soils, groundwater and other media in the area. Due to the extensive nature of the environmental reports and related documents, they are not attached to this Complaint. They are available for inspection and copying and will be made a part of the record during the course of this action.

23. South Bend has determined that the environmental contamination in the soils, groundwater and other media at the South Bend Properties originated with the dry cleaning operation located at the Sherman Site between 1958 and the present.

24. The contamination includes significant amounts of perchloroethylene ("PCE"), a chemical solvent used in the dry cleaning process that poses a risk to human health and the environment, causes significant property damage, and requires remediation when it is detected above certain levels in soils, groundwater, and other media.

25. The South Bend Properties are in the vicinity of and/or hydrologically downgradient from the Sherman Site.

26. PCE was deposited in the soil and groundwater of the impacted South Bend Properties during the defendants' ownership and/or operations at the Sherman Site. The substances have remained there after defendants ceased ownership and/or operation of the dry cleaners at the Sherman Site, and those substances continue to cause property damage, including to the South Bend Properties.

27. South Bend has performed a significant amount of environmental site investigation to characterize, delineate and address the contamination left behind by the defendants. However, additional investigation and response activities are necessary to satisfy the regulatory agencies with jurisdiction over the South Bend Properties.

### IV.  COUNT I: COST RECOVERY UNDER CERCLA SECTION 107

28. South Bend incorporates the allegations contained in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. The Sherman Site is a "facility" within the meaning of Section 101(9) of CERCLA , 42 U.S.C. § 9601(9).

30. Each of the defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

31. Releases and threatened releases of hazardous substances have occurred at and from the Sherman Site into the environment.

32. The defendants stored, located and used "hazardous substances"—within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601(14) —at the Sherman Site.

33. The Myers currently own the Sherman Site and operate a laundry-related business there as Spin Techs Incorporated.

34. Young O. Won, Jong Hee Won, and Chan Hee Won owned the Sherman Site and operated a dry cleaner there at the time of disposal of hazardous substances.

35. Sherman's Quality Cleaners, Inc. operated a dry cleaner at the Sherman Site at the time of disposal of hazardous substances.

36. SPS Realty Corporation owned the Sherman Site at the time of disposal of hazardous substances.

37. South Bend has incurred necessary costs of response that are consistent with the U.S. Environmental Protection Agency's National Contingency Plan as a result of the release of hazardous substances at and/or from the Sherman Site.

38. South Bend will continue to incur necessary costs of response as a result of the release of hazardous substances at and/or from the Sherman Site.

39. The defendants are liable to South Bend under Section 107(a) of CERCLA, 42 U.S.C. §9607(a), for any and all response costs incurred or to be incurred by South Bend as a result of the release or threatened release of hazardous substances at and from the Sherman Site.

## V. COUNT II: LIABILITY UNDER THE INDIANA ELA

40. South Bend incorporates the allegations contained in paragraphs 1 through 39 of this Complaint as though fully set forth therein.

41. Pursuant to Section 2 of Indiana's Environmental Legal Action Statute, Ind. Code §13-30-9-2, South Bend may bring an environmental legal action against a person who caused or contributed to the release of a hazardous substance into the surface or subsurface soil or groundwater that poses a risk to human health and the environment to recover reasonable costs of a removal or remedial action involving the hazardous substances.

42. During the course of the defendants' ownership of the Sherman Site and operation of the business thereon, the defendants caused and/or contributed to the release of hazardous substances, including but not limited to PCE, into the surface and subsurface soil and/or groundwater at, below, and/or adjacent to the Sherman Site. Hazardous substances, including but not limited to PCE, are present in the surface and subsurface soil and/or groundwater at, below, and adjacent to the Sherman Site, including at and below adjacent properties. Volatile and semi-volatile organic compounds, including chlorinated solvents and PCE, have been detected on or beneath the Sherman Site and/or on or beneath properties approximate thereto.

43. South Bend has already incurred costs for investigation and certain response activities at the adjacent South Bend Properties.

44. South Bend will incur significant costs for future testing, in order to fully delineate the extent of the impact to the soil, groundwater, and other media as a result of contamination emanating from the Sherman Site onto the South Bend Properties, and for subsequent removal and/or remedial activities required on the South Bend Properties due to contamination emanating from the Sherman Site

45. The Sherman Site is subject to the Environmental Legal Action Statute because it is not listed on the National Priorities List for hazardous substance response sites (40 CFR 300 *et seq.*), has not scored twenty-five or greater under the Indiana scoring model at 329 IAC 7, and has not been deemed by the Commissioner of the Indiana Department of Environmental Management to pose an imminent threat to human health or environment pursuant to Section 1 of Indiana's Environmental Legal Action Statute, Ind. Code § 13-30-9-1.

46. The defendants are liable to South Bend under §§13-30-9-2 and 13-30-9-3 for all reasonable costs of a removal or remedial action involving the release of hazardous substances at and from the Sherman Site, and an award of all reasonable attorneys' fees and costs.

## VI.   COUNT III: DECLARATORY JUDGMENT

47. South Bend incorporates the allegations contained in paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. South Bend seeks a declaratory judgment against the defendants pursuant to 28 U.S.C. § 2201, 42 U.S.C. §9613(g)(2), the Indiana Uniform Declaratory Judgment Act, Ind. Code §34-14-1-1, *et seq.*, and Federal Rule of Civil Procedure 57 that the defendants are and will be liable for past and future costs, damages and attorneys' fees which are necessary to address and respond to the hazardous substances that continue to exist at or near the Sherman Site.

## VII.   PRAYER FOR RELIEF

WHEREFORE, South Bend asks the Court to:

1. Order the defendants to reimburse South Bend for all removal, remedial action, and response costs incurred by South Bend related to the release or threatened release of hazardous substances from the Sherman Site;

2. Order the defendants to reimburse South Bend for all reasonable attorneys' fees and costs incurred by South Bend;

3. Declare that the defendants are and will be liable for all future costs, expenses, damages and attorneys' fees to address and respond to the hazardous substances migrating from the Sherman Site; and

4. Award South Bend all further appropriate relief.

## VIII.   JURY DEMAND

Pursuant to Rule 38 of the Fed. R. Civ. Proc., plaintiffs City of the South Bend and South bend Redevelopment Commission request a trial by jury.

Respectfully submitted,

PLEWS SHADLEY RACHER & BRAUN LLP

 s/ *Thao T. Nguyen*
Attorneys for the City of South Bend and the
South Bend Redevelopment Commission

Thao T. Nguyen, Atty. No. 25030-71
Daniel P. Cory, Atty. No. 27791-71
53732 Generations Drive
South Bend, IN 46530
(574) 273-1010
tnguyen@psrb.com
dcory@psrb.com